# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MATTHEW P. SCHORR,

    *Plaintiff*,

v.

DENISE E. ROBERSON *et al.*,

    *Defendants*.

Civil Action No. 15-1290 (TJK)

## **MEMORANDUM OPINION**

    Plaintiff Matthew P. Schorr, proceeding *pro se*, was convicted of federal child-pornography charges in 2011. Based on his conviction, United States Immigration and Customs Enforcement ("ICE"), a component of the Department of Homeland Security ("DHS"), debarred him from participating in federal contracts and other federal programs. Schorr filed this lawsuit challenging his debarment against DHS, ICE, and various public officials. He brings two claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and a *Bivens* claim for alleged violations of his due process and equal protection rights. *See* ECF No. 1 ("Compl.") ¶¶ 60-73. Shortly after Schorr filed suit, ICE terminated the debarment.

    Defendants filed a Motion to Dismiss and/or for Summary Judgment (ECF No. 17), and Schorr filed a Partial Motion for Summary Judgment (ECF No. 20) in response. The Court referred the matter to Magistrate Judge G. Michael Harvey, who issued a Report and Recommendation to grant Defendants' motion, deny Schorr's motion, and dismiss the case. ECF No. 29 ("R&R").

    Schorr filed objections to Magistrate Judge Harvey's Report and Recommendation. ECF No. 33 ("Pl.'s Obj."). His objections are that Magistrate Judge Harvey (1) misapprehended Schorr's factual allegations, *id.* at 2-3; (2) failed to consider all of his submissions, *id.* at 15-18;

(3) incorrectly determined that Schorr lacked standing at the time he filed suit, *id.* at 5-8; (4) incorrectly determined that Schorr's APA claim was mooted by ICE's termination of Schorr's debarment, *id.* at 9-15; and (5) incorrectly determined that Schorr failed to allege egregious government misconduct in connection with his *Bivens* claim, *id.* at 18-19.[1]  Reviewing Schorr's objections *de novo*, *see* Fed. R. Civ. P. 72(b)(3), the Court overrules the objections and adopts Magistrate Judge Harvey's Report and Recommendation in its entirety except for its conclusion that Schorr lacked standing (although the Report and Recommendation's reasoning on standing supports the conclusion that Schorr's APA claims are moot), *see* R&R at 7-12, and as otherwise noted below.

First, Schorr complains, Magistrate Judge Harvey failed to appreciate the supposedly extraordinary nature of his allegations.  He argues that Magistrate Judge Harvey incorrectly assumed that "Defendants were[,] in fact, diligent bureaucrats," when in reality "ICE Suspension and Debarment personnel have created a debarment mill that cranks out useless and illegal debarments whose only purpose is to perpetuate the continued existence of their jobs." Pl.'s Obj. at 2.  In support of this argument, Schorr cites the following allegations: that (1) "Defendants failed to check their CorrLinks account for [Schorr's] Response before they debarred [him]," *id.*;[2] (2) two of the Defendants received a copy of his complaint in this action shortly before terminating his debarment, Pl.'s Obj. at 2; and (3) Defendants' decision to terminate his debarment was set forth in a very short letter with no reasoning, *id.* at 3.  These allegations,

---

[1] Magistrate Judge Harvey also recommended dismissing Schorr's APA claims on the ground of sovereign immunity to the extent they seek money damages.  R&R at 12-13.  Schorr effectively concedes that point in his objections, but insists that he is entitled to equitable relief.  Pl.'s Obj. at 8-9.

[2] CorrLinks is an email system used by prison inmates.  *See* Compl. ¶ 37(b).

2

Schorr claims, give rise to the inference that these public officials ran a supposed "debarment mill," which in his view amounted to "egregious abuse of official power." *Id.* at 2. The Court disagrees, because the facts alleged are insufficient to make such an inference plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Schorr also claims that Magistrate Judge Harvey failed to take into account certain documents attached to his motion for partial summary judgment. *See* Pl.'s Obj. at 15-18. But Schorr is incorrect. While the attachments are not separately listed on the docket sheet, they are in fact included in the Court's electronic files. *See* ECF No. 20 ("Pl.'s Mot."). Magistrate Judge Harvey expressly listed the motion for partial summary judgment (which is docketed together with its attachments) among the documents he considered. *See* R&R at 2 n.1.

Next, Schorr objects to Magistrate Judge Harvey's recommendation that the Court dismiss his APA claims for both lack of standing and mootness. Pl.'s Obj. at 5-15. The Court finds it unnecessary to determine whether Magistrate Judge Harvey was correct that Schorr lacks standing, because the Court agrees with Magistrate Judge Harvey that Schorr's APA claims—assuming Schorr had standing to bring them in the first place—became moot when ICE terminated his debarment shortly after the case was filed. "The fundamental concept of mootness is quite straightforward. As applied in the context of injunctive litigation, if there remains no conduct to be enjoined, then normally there is no relief that need be granted, the case or controversy has ceased, and the jurisdiction of the court has expired under Article III." *True the Vote, Inc. v. IRS*, 831 F.3d 551, 561 (D.C. Cir. 2016), *cert. denied*, 137 S. Ct. 1068 (2017). That is, the plaintiff must retain a "continuing interest" in the litigation. *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 979 (D.C. Cir. 2016).

Applying these principles, courts have concluded that challenges to debarments become moot after the underlying debarments have expired, unless the plaintiff can make a particularized showing of lasting harm. For example, in *O'Gilvie v. Corporation for National Community Service*, 802 F. Supp. 2d 77 (D.D.C. 2011), the court concluded that claims arising from an expired debarment were nonjusticiable where the plaintiff did not allege that "he has applied for any government grants or contracts," "that he has any present plans to do so," or "that his expired debarment would be a factor in determining his eligibility for government grants." *Id.* at 82-83. By contrast, in *Tri-County Contractors, Inc. v. Perez*, 155 F. Supp. 3d 81 (D.D.C. 2016), a "close case" on mootness, the court found a challenge to an expired debarment remained justiciable where the plaintiff demonstrated "that it intends to continue to operate government contracting businesses and that the existence of a past debarment order poses an ongoing impediment to its ability to do so." *Id.* at 91-92.

Here, Schorr's debarment ended shortly after this case began, and he has offered nothing to suggest that he will suffer further harm absent judicial intervention. He asserts that the Court should order the government to expunge the records showing that he was temporarily debarred. Pl.'s Obj. at 9.[3] But he has not shown any interest in expungement sufficient to justify maintenance of his APA claims. His theory of harm consists of the general claim that a person who is "formerly debarred" bears a "badge of legal status in the modern business world" that is "akin to a criminal conviction." Pl.'s Obj. at 5, 7. He does not explain how this asserted "badge

---

[3] The Court notes that Schorr does not appear to have requested expungement in his complaint. *See* Compl. at 13-14. Nonetheless, Schorr did mention expungement in his cross-motion and opposition to the government's motion to dismiss. *See* Pl.'s Mot. at 25. Courts ordinarily consider all filings made by a *pro se* plaintiff like Schorr, not merely the complaint, when deciding a motion to dismiss. *See Washington v. AlliedBarton Sec. Servs., LLC*, 289 F. Supp. 3d 137, 139 (D.D.C. 2018) (citing *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)).

4

of legal status" has resulted or will result in any harm to him in particular. To the contrary, as Magistrate Judge Harvey observed, Schorr never attempted to engage in any of the activities from which he was temporarily debarred and has himself suggested that he does not intend to do so in the future. *See* R&R at 8. Because Schorr has not made a particularized showing of lasting harm from the debarment, he no longer has a continuing interest in his APA claims challenging it (assuming he ever did), and those claims are moot.

Schorr also objects to Magistrate Judge Harvey's conclusion that the voluntary-cessation exception to mootness does not apply. *See* Pl.'s Obj. at 11-14. Magistrate Judge Harvey reasoned that, as a threshold matter, the exception is unavailable unless the defendant ceased the objectionable conduct in response to litigation, and here ICE terminated the debarment before any Defendant had been served. *See* R&R at 15. While Magistrate Judge Harvey was correct that Schorr did not properly effect service of process until after ICE terminated the debarment on September 3, 2015, *see* ECF No. 3, at least one Defendant may have had actual notice of the complaint a few days earlier on August 31, 2015, *see* ECF No. 4. The Court need not and does not adopt Magistrate Judge Harvey's conclusion that Schorr failed to meet this threshold requirement, because his opinion offers other, independent grounds to reject Schorr's voluntary-cessation argument.

"Voluntary cessation will only moot a case if there is no reasonable expectation . . . that the alleged violation will recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cierco v. Mnuchin*, 857 F.3d 407, 414-15 (D.C. Cir. 2017) (alteration in original) (internal quotation marks omitted). "The defendant carries the burden of demonstrating that there is no reasonable expectation that the wrong will be repeated, and [t]he burden is a heavy one." *Id.* at 415 (alteration in original) (internal quotation marks

omitted). Here, Defendants have carried that burden. ICE has terminated the debarment, and Schorr's claim that it might be reinstated is based on pure speculation. "[T]here must be evidence indicating that the challenged [policy] likely will be reenacted." *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) (second alteration in original) (quoting *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997)). But there is none here. It has been almost three years since ICE terminated the debarment, and there is no suggestion in the record that ICE has even considered reopening the matter during that time. Thus, there is simply no reasonable expectation that the debarment will recur. The termination has also completely eliminated the cognizable effects of the debarment; all that remains is the historical record that the debarment occurred. And as explained above, because Schorr never engaged in the activities from which he was temporarily debarred and has suggested he never will, he lacks a concrete interest in expunging the historical record. Therefore, the Court agrees with Magistrate Judge Harvey that the voluntary-cessation doctrine does not apply and Schorr's APA claims are moot. *See* R&R at 14-16.

Finally, Schorr objects that his *Bivens* claim was improperly dismissed because he has alleged "egregious government misconduct"—namely, that "Defendants were running a debarment mill for their own benefit rather than in furtherance of any legitimate governmental purpose." Pl.'s Obj. at 18.[4] As explained above, Schorr's factual allegations simply do not support that exceptional inference. The Court thus agrees with Magistrate Judge Harvey's determination that Schorr's complaint does not allege egregious conduct by the government. *See* R&R at 20-21.

---

[4] Once again, this allegation appears to be absent from Schorr's complaint. *See* Compl. at 12. Nonetheless, Schorr did make a related claim in his opposition and cross-motion. *See* Pl.'s Mot. at 20-21.

6

For the above reasons, the Court adopts Magistrate Judge Harvey's Report and Recommendation, except for its conclusion on standing and as otherwise noted above, overrules Schorr's objections, and will dismiss the case in a separate order.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: July 19, 2018